UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MONTAE HOWARD, an individual,    No. CIV. S-13-1439 LKK/KJN

            Plaintiff,

     v.                          **ORDER**

CITY OF VALLEJO, et al.,

            Defendants.

     Plaintiff Montae Howard is proceeding through counsel with this action pursuant to 42 U.S.C. § 1983.  Plaintiff claims defendants City of Vallejo (City) and police officers Robert Greenberg and Robert Kerr violated his federal constitutional rights through excessive use of force and false arrest. Plaintiff also raises several state law claims.

     On August 14, 2013, defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 8).  The motion came on for hearing on November 4, 2013 and is resolved herein

////

////

1

1

## I.  ALLEGATIONS OF THE COMPLAINT

Plaintiff's complaint, filed July 17, 2013 (ECF No. 2), contains the following allegations.  On January 7, 2012, at 10:00 p.m. plaintiff was inside the Five Star gas station on Lincoln Road in Vallejo.  Complaint (ECF No. 2) at 4.  The cashier called the police about a customer using counterfeit money.  Id.  The cashier locked the door from the inside before calling police, leaving customers in the store.  Id.  The accused customer "got into an altercation with the cashier.  The gas station door came off of its hinges during the altercation."  Id.

When City police officers arrived they had trouble getting in the store because of the unhinged door.  Id.  Plaintiff and another man were still in the store when the police entered.  Id.  They turned around and saw City police officers pointing guns at them.  Id.  They immediately got down on the ground, placed their hands behind their backs, and complied with all commands.  Id.  The officers "seemed to focus" on plaintiff.  Id.  Without justification or asking any questions, defendant Greenberg approached plaintiff, dropped his knee into plaintiff's back and grabbed his right arm.  Id.  Defendant Kerr put weight on plaintiff to restrain plaintiff.  Id.  Defendant Greenberg pulled plaintiff's right arm up and back so violently that plaintiff's right elbow broke.  Id.  Plaintiff screamed in agony "You broke my arm."  Id.  Defendant Greenberg replied that he had not broken plaintiff's arm, and defendant Kerr, without asking any questions, kicked plaintiff in the face, which dislodged one of plaintiff's teeth.  Id. at 5.  The cashier begged officers to get

1    off plaintiff and told them plaintiff "was a customer and his

2    friend." <u>Id.</u>  Defendants Greenberg and Kerr released plaintiff

3    with a broken elbow.  <u>Id.</u>  Plaintiff went to the Sutter Solano

4    emergency room for treatment.  <u>Id.</u>

5         Plaintiff is informed and believed that neither officer has

6    been disciplined for their misconduct.  <u>Id.</u>  Plaintiff alleges

7    that the failure to discipline "demonstrates the existence of an

8    entrenched culture, policy or practice of promoting, tolerating

9    and/or ratifying with deliberate indifference the making of

10   improper detentions and arrests, the use of racial profiling, the

11   use of excessive and/or deadly force, and the fabrication of

12   official reports to cover up" defendants' misconduct.  <u>Id.</u>

13   Plaintiff also alleges that there is a pattern or practice of

14   excessive force by these officers.  <u>Id.</u>  Plaintiff is informed

15   and believed that as a matter of official policy, based on

16   deliberate indifference to constitutional rights primarily of

17   minority citizens, the City has long allowed citizens like

18   plaintiff to be abused by the police, that throughout 2012

19   numerous citizens have been killed by the police and the City has

20   failed to discipline or retrain any of the officers, which

21   evidences an official policy of deliberate indifference to

22   citizens' rights and resulting false arrests.  <u>Id.</u> at 6.

23        Plaintiff seeks general damages, special damages, punitive

24   damages, injunctive relief, statutory damages, and attorneys'

25   fees.  Plaintiff has also demanded a jury trial.

26   **II.   STANDARDS FOR A RULE 12(B)(6) MOTION TO DISMISS**

27        A dismissal motion under Fed. R. Civ. P. 12(b)(6) challenges

28   a complaint's compliance with the federal pleading requirements.

3

1    Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short

2    and plain statement of the claim showing that the pleader is

3    entitled to relief."  The complaint must give the defendant

4    "'fair notice of what the ... claim is and the grounds upon which

5    it rests.'"  Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007)

6    (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

7         To meet this requirement, the complaint must be supported by

8    factual allegations.  Ashcroft v. Iqbal, 556 U.S. 662, 678

9    (2009).  Moreover, this court "must accept as true all of the

10   factual allegations contained in the complaint."  Erickson v.

11   Pardus, 551 U.S. 89, 94 (2007).

12        "While legal conclusions can provide the framework of a

13   complaint," neither legal conclusions nor conclusory statements

14   are themselves sufficient, and such statements are not entitled

15   to a presumption of truth.  Iqbal, 556 U.S. at 679.  Iqbal and

16   Twombly therefore prescribe a two-step process for evaluation of

17   motions to dismiss.  The court first identifies the non-

18   conclusory factual allegations, and then determines whether these

19   allegations, taken as true and construed in the light most

20   favorable to the plaintiff, "plausibly give rise to an

21   entitlement to relief."  Iqbal, 556 U.S. at 679.

22        "Plausibility," as it is used in Twombly and Iqbal, does not

23   refer to the likelihood that a pleader will succeed in proving

24   the allegations.  Instead, it refers to whether the non-

25   conclusory factual allegations, when assumed to be true, "allow[

26   ] the court to draw the reasonable inference that the defendant

27   is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

28   "The plausibility standard is not akin to a 'probability

                                    4

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 557).   A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory.   Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

**III.  ANALYSIS**

    **A.  First Cause of Action**

Defendants contend plaintiff has failed to state a claim against the City in his first cause of action and that, as to the City, the first cause of action essentially duplicates the second cause of action.   Defendants also contend this cause of action fails to state a claim under the Fifth, Ninth, or Fourteenth Amendments.

Plaintiff concedes all of these arguments and seeks leave to amend the complaint to reflect that his first cause of action is a Fourth Amendment claim for excessive force and unlawful seizure against defendants Greenberg and Kerr.

Defendants' motion to dismiss will be granted as to plaintiff's first cause of action, which will be dismissed with leave to amend.

    **B.  Second Cause of Action**

Defendants contend plaintiff has failed to allege specific facts sufficient to give rise to municipal liability under Monell v. Dept. of Social Services, 436 U.S. 658 (1978).   Plaintiff disagrees.   In the alternative, plaintiff seeks leave to amend to cure any defects in this claim.

The requirements that pleadings "contain sufficient allegations of underlying facts to give fair notice" and that factual allegations "taken as true must plausibly suggest an entitlement to relief" apply to <u>Monell</u> claims.  <u>AE ex rel Hernandez v. County of Tulare</u>, 666 F.3d 631, 637 (9th Cir. 2012) (quoting <u>Staff v. Baca</u>, 652 F.3d 1202, 1216 (9th Cir. 2011).  The elements of a <u>Monell</u> claim are (1) plaintiff was deprived of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional right; and (4) the policy is the moving force behind the constitutional violation.  <u>Dougherty v. City of Covina</u>, 654 F.3d 892, 900 (9th Cir. 2011) (quoting <u>Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill</u>, 130 F.3d 432, 438 (9th Cir. 1997)).

"[A] custom or practice can be 'inferred from widespread practices or "evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded."'"  <u>Hunter v. County of Sacramento</u>, 652 F.3d 1225, 1233 (9th Cir. 2011) (quoting <u>Nadell v. Las Vegas Metro. Police Dep't</u>, 268 F.3d 924, 929 (9th Cir. 2001) (internal citations omitted).  "[E]vidence of inaction – specifically failure to investigate and discipline employees in the face of widespread constitutional violations – can support an inference that an unconstitutional custom or practice has been unofficially adopted by a municipality.. . . . In some circumstances a *policy* of inaction, such as a policy of failing to properly train employees, may form the basis of municipal liability."  <u>Hunter</u> at 1234 n.8 (emphasis in original).

1        Plaintiff's Monell claim against the City is supported by

2    his allegations, made on information and belief, that:  (1) the

3    City has failed to discipline defendants Greenberg and Kerr for

4    the incident at bar; (2) members of the Vallejo Police

5    Department, including defendants Greenberg and Kerr, have

6    individually and together engaged in a repeated practice of using

7    excessive force against individuals including plaintiff; (3) as a

8    matter of official policy "rooted in an entrenched posture of

9    deliberate indifference to the constitutional rights of primarily

10   the minority citizens who live in the City of Vallejo" the City

11   has allowed its citizens to be abused by police officers,

12   including defendants Greenberg and Kerr; (4) City police officers

13   have injured and killed numerous citizens in 2012 and none of the

14   officers involved have been disciplined or retrained; and (5) the

15   City knew/had reason to know about the policies, etc. and the

16   conduct complained of and resulting injuries.

17       These allegations do more than "simply recite the elements"

18   of a Monell claim.  Starr v. Baca, 652 F.3d at 1216.  They are

19   sufficient to give the City fair notice of plaintiff's claim that

20   the City has a policy of deliberate indifference to a pattern and

21   practice of excessive use of force and other violations of the

22   constitutional rights of citizens by City police officers,

23   particularly minority citizens, that is manifested in its failure

24   to discipline or retrain officers involved in such incidents.

25       Defendants' motion to dismiss will be denied as to

26   plaintiff's second cause of action.

27   ////

28   ////

**C.  Sixth Cause of Action**

Plaintiff's sixth cause of action claims a violation of his rights under California Civil Code § 51.7, which guarantees persons within California the right to freedom from violence or intimidation based on, in relevant part here, race.  Plaintiff alleges that he is African-American.

Defendants seek dismissal of this claim as asserted against the City because the statute does not provide a basis for direct liability against a public entity. Specifically, defendants contend that California Civil Code § 51.7 neither contains language creating public entity liability nor references any specific duty of care owed by public entities to people like plaintiff. Plaintiff does not address this contention in his opposition.

> California public entities are not subject to common law tort liability; all liability must be pursuant to statute. See Cal. Gov't Code § 815; see also Guzman v. Cnty. of Monterey, 46 Cal.4th 887, 897, 95 Cal.Rptr.3d 183, 209 P.3d 89 (2009).

AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 638 (9th Cir. 2012).  "However, the statute providing for liability need not be part of the Tort Claims Act itself . . . Nor must the statute provide on its face that it is applicable to public entities.  'Rather, a liability is deemed "provided by statute" if a statute defines the tort in general terms.'"  Lopez v. Southern Cal. Rapid Transit Dist., 40 Cal.3d 780, 785 n.2 (1985); see also Eastburn v. Regional Fire Protection Authority, 31 Cal.4th 1175, 1183 (2003)("direct tort liability of public entities must be based on a specific statute declaring them to be

1  liable, or at least creating some specific duty of care, . . .

2  .")

3        Civil Code § 51.7 provides in relevant part:

4              (a)   All persons within the jurisdiction of
5              this state have the right to be free from any
              violence,   or   intimidation   by   threat   of
6              violence, committed against their persons or
              property because of political affiliation, or
7              on account of any characteristic listed or
              defined in subdivision (b) or (e) of Section
8              51…

9  Cal. Civ. Code § 51.7(a).  While the statute does not

10 specifically declare public entities liable for violation of its

11 provisions, it does describe a specific tort: use of violence or

12 intimidation by threat of violence committed against persons or

13 property because of any of a number of characteristics, including

14 race.  Defendants' contention that Civil Code § 51.7 does not

15 create a basis for liability against the City is without merit.[1]

16       Defendants also contend plaintiff has failed to state facts

17 to support a claim for relief under the statute.  They contend

18 that plaintiff has failed to allege any facts showing that

19 plaintiff's race was a motivating reason for the officers'

20 conduct.  Plaintiff contends that he has alleged sufficient facts

21 to indicate that the officers were motivated by racial animus; in

22 the alternative, he seeks leave to amend the complaint.

23 _____

24 [1] Defendants do not contend that the City has a specific
   statutory immunity from the liability created by Civil Code §
25 51.7.  Cf. Gates v. Superior Court, 32 Cal.App.4th 481, 529-30
   (1995) (Grignon, J., dissenting) ("Once it has been determined a
26 public entity and its employees owe a duty to plaintiff, it must
   next be determined whether the public entity and its employees
27 are immune from liability.  The existence of a duty does not
   overcome an immunity barrier to liability; the two concepts must
28 be separately analyzed.")

1      Plaintiff alleges that he "is and was readily recognizable

2  as an African-American." Complaint, filed July 17, 2013 (ECF No.

3  2) at 11. He further alleges that he was one of several people

4  in the gas station when the cashier called the police, that the

5  cashier argued with the customer accused of passing the

6  counterfeit money, that plaintiff and his friend were inside

7  during that altercation and when police arrived, that when the

8  police arrived he and his friend immediately got down on the

9  ground and complied with the officers' orders, that the officers

10  "seemed to focus on" him, and that without asking any him any

11  questions defendant Greenburg pulled his arm so violently he

12  broke it, and, when plaintiff screamed in agony, defendant

13  Greenburg kicked plaintiff in the face, dislodging a tooth from

14  his mouth. Id. at 4. Plaintiff also alleges on information and

15  belief that the City of Vallejo has "as a matter of official

16  policy – rooted in an entrenched posture of deliberate

17  indifference to the constitutional rights of primarily the

18  minority citizens" of Vallejo "long allowed its citizens, such as

19  plaintiff . . . to be abused by its police officers." Id. at 6.

20      Plaintiff's allegations are sufficient to put defendants on

21  notice of his claim that he was subjected to excessive use of

22  force and unlawful seizure because of his race. Defendants'

23  motion to dismiss will be denied as to plaintiff's sixth cause of

24  action.[2]

_____

25  [2] As noted above, plaintiff did not oppose that part of

26  defendants' motion that sought dismissal of the City from
plaintiff's sixth cause of action. Plaintiff should clarify in

27  his amended complaint whether he is proceeding against only the
two individual defendants on this cause of action or whether is

28  also proceeding against the City.

1      **D.  Seventh Cause of Action**

2          Plaintiff's seventh cause of action claims a violation of

3  his rights under California Civil Code § 52.1 (the Bane Act),

4  which authorizes individual civil actions for damages and

5  injunctive relief by individuals whose federal or state rights

6  have been interfered with by threats, intimidation, or coercion.

7  Relying primarily on Shoyoye v. Couty of Los Angeles, 203

8  Cal.App.4th 947 (2012), defendants contend plaintiff has failed to

9  state a claim for relief under this section because he has failed

10  to allege threats, intimidation, or coercion independent of the

11  alleged excessive force and wrongful search.  Plaintiff

12  disagrees, contending that Shoyoye applies only when the

13  defendants' conduct is not intentional.  Plaintiff contends the

14  rule of Venegas v. County of Los Angeles, 32 Cal.4th 820, 843

15  (2004), which was distinguished by the Shoyoye court, applies.

16          California Civil Code § 52.1 "provides remedies for 'certain

17  misconduct that interferes with' federal or state laws, if

18  accompanied by threats, intimidation, or coercion, and whether or

19  not state action is involved."  Venegas v. County of Los Angeles,

20  32 Cal.4th 820, 843 (2004).  In Shoyoye, the state court of appeal

21  held that § 52.1 did not apply to a claim brought by a plaintiff

22  who had been over-detained in a county jail as a result of a

23  clerical error.  The court held that § 52.1 was meant "to address

24  interference with constitutional rights involving more egregious

25  conduct that mere negligence." Shoyoye, 203 Cal.App.4th at 958.

26          Shoyoye has no application to the claims at bar.  Here,

27  plaintiff has adequately alleged that he was subjected to

28  unlawful restraint through use of force and intimidation.

11

1    In the reply brief, defendants contend for the first time

2   that the §52.1 claim "improperly seeks to impose liability

3   against the individual officers jointly for the conduct of the

4   other" contrary to California Government Code § 820.8.  The court

5   may properly decline to consider issues raised for the first time

6   in a reply brief.  See U.S. v. Wright, 215 F.3d 1020 (9th Cir.

7   2000).[3]

8    Defendants' motion to dismiss will be denied as to

9   plaintiff's seventh cause of action.

10       **E.  Eighth Cause of Action**

11       Plaintiff's eighth cause of action is a negligence claim

12   against the City and both defendant officers based on use of

13   excessive force.  Defendants seek dismissal of this claim as to

14   the City on the ground that under California law all government

15   tort liability must be based on statute and plaintiff has failed

16   to plead a statutory basis for his negligence claim.  Plaintiff

17   has not addressed this argument.

18       Under California law "'there is no common law tort liability

19   for public entities in California; such liability is wholly

20   statutory. [Citations.]'"  McCarty v. State of California Dept.

21   of Transp., 164 Cal.App.4[th] 955, 975 (2008) (quoting In re

22   Groundwater Cases, 154 Cal.App.4th 659, 688 (2007) and citing

23   Gov. Code, § 815.) Plaintiff does not oppose this part of

24   defendants' motion, and he has not alleged a statutory basis for

25   the negligence claim against the City and has not provided any

26   statutory basis for the claim in his opposition.  Defendants'

27   _____

28   [3] Of course, that is not to say that the matter may not be
    presented properly at some future time.

1   motion to dismiss the City from plaintiff's eighth cause of

2   action will be granted.

3        **F.   Punitive Damages**

4        Defendants seek dismissal of the prayer for punitive damages

5   as to the City.   Plaintiff concedes that the City should not be

6   included in his prayer for punitive damages.

7        **G.   Prayer for Injunctive Relief**

8        Relying primarily on <u>City of Los Angeles v. Lyons</u>, 461 U.S.

9   95 (1982), defendants contend that plaintiff has failed to allege

10  sufficient facts to show he has standing to seek the injunctive

11  relief prayed for in the complaint, an order "enjoining

12  Defendants from authorizing, allowing or ratifying the practice

13  by any police officer employee of Defendant from using excessive

14  and unreasonable force against persons, pursuant to California

15  Civil Code Section52.1"  Complaint at 14.  Plaintiff contends he

16  has sufficient alleged a policy, pattern and practice of

17  excessive force by City police officers to support his request

18  for injunctive relief at the pleading stage.

19      In <u>Lyons</u>, the plaintiff

20            an African–American man, was stopped at 2:00
             a.m. by Los Angeles police officers based on
21            a burned out taillight. According to Lyons'
             complaint, the officers seized him without
22            provocation and applied a "chokehold." As a
             result of the chokehold, Lyons lost
23            consciousness, defecated and urinated, and
             suffered permanent damage to his larynx.
24            Lyons sought an injunction barring the Los
             Angeles Police Department from using
25            chokeholds except in certain restricted
             circumstances. The Supreme Court held that
26            Lyons "presumably" had standing to seek
             damages against the officers and the City of
27            Los Angeles, <u>id.</u> at 105, 103 S.Ct. 1660, but
28

13

that in the absence of a realistic threat of
future injury Lyons could not "demonstrate a
case or controversy with the City that would
justify the equitable relief sought." . . .
Noting that Article III "case-or-controversy
considerations 'obviously shade into those
determining whether the complaint states a
sound basis for equitable relief,' " id. at
103, 103 S.Ct. 1660 (quoting O'Shea v.
Littleton, 414 U.S. 488, 499, 94 S.Ct. 669,
38 L.Ed.2d 674 (1974)), the Court concluded
that even if Lyons had Article III standing
to seek an injunction, the speculative nature
of his claim of future injury precluded him
from establishing a key prerequisite for
equitable relief, "a 'likelihood of
substantial and immediate irreparable
injury.' " Id. at 111, 103 S.Ct. 1660
(quoting O'Shea, 414 U.S. at 502, 94 S.Ct.
669). The Court explained that "the need for
a proper balance between state and federal
authority counsels restraint in the issuance
of injunctions against state officers engaged
in the administration of the States' criminal
laws in the absence of irreparable injury
which is both great and immediate." Id. at
112, 103 S.Ct. 1660.

Hodgers-Durgin v. de la Vina, 199 F.3d 1037, 1040-41 (9th Cir.

1999) (quoting Lyons).

   Hodgers-Durgin was an action brought by motorists stopped by

Border Patrol agents while driving between Nogales, Mexico and

communities in Arizona.  Neither were doing anything illegal when

stopped.  In that case, the Ninth Circuit held that the "case or

controversy" holding of Lyons does not apply where the

plaintiff's encounter with the police was not the result of

illegal conduct.  Id. at 199 F. 3d 1041-42.  The court of appeals

nonetheless held that neither plaintiff had "demonstrated a

sufficient likelihood of injury to warrant equitable relief."

Id. at 1044.  Based on specific facts in the record and the fact

1    that each plaintiff had only been stopped once in ten years, the

2    court found it "not sufficiently likely that [either plaintiff]

3    will again be stopped by the Border Patrol." <u>Id.</u>  The Court of

4    Appeals therefore held that "[i]n the absence of a likelihood of

5    injury to the named plaintiffs, there is no basis for granting

6    injunctive relief that would restructure the operations of the

7    Border Patrol and that would require ongoing judicial supervision

8    of an agency normally, and properly, overseen by the executive

9    branch." <u>Id.</u>  Finally, the court held that even though unnamed

10   plaintiffs had been stopped more frequently, and more recently

11   and therefore "might well be able to demonstrate the likelihood

12   of injury required to pursue equitable relief of the sort sought

13   by [the named plaintiff], injunctive relief "is not available

14   based on alleged injuries to unnamed members of a proposed

15   class." <u>Id.</u> at 1045.

16      Plaintiff relies primarily on <u>LaDuke v. Nelson</u>, 762 F.2d

17   1318 (9th Cir. 1985).  In <u>LaDuke</u>, the court of appeals affirmed a

18   permanent injunction enjoining the INS from conducting searches

19   of migrant farm housing without warrants, probable cause, or

20   articulable suspicion.  The court distinguished <u>Lyons</u> as follows:

21   (1) The district court in <u>LaDuke</u> had made findings on the

22   likelihood of recurrent injury, while the district court in <u>Lyons</u>

23   had not; (2) the district court in <u>LaDuke</u> had "explicitly found

24   that the defendants engaged in a standard pattern of officially

25   sanctioned officer behavior" that violated the constitution, in

26   contrast to the <u>Lyons</u> finding of an absence of such sanctioning

27   by the LAPD; (3) <u>Lyons</u> involved federal court intervention in

28

1  state police affairs, implicating federalism concerns; and (4)

2  plaintiffs in LaDuke were a certified class.

3      Lyons, Hodgers-Durgin, and Rodriguez all stand for the

4  proposition that plaintiffs' claim for injunctive relief must be

5  resolved on an evidentiary record and not at the pleading stage.

6  Defendants' motion to dismiss plaintiff's claim for injunctive

7  relief will be denied.

8      In accordance with the above, IT IS HEREBY ORDERED that:

9      1.  Defendants' motion to dismiss (ECF No. 8) is granted in

10  part as follows:

11          a.  Plaintiff's first cause of action is dismissed with

12  leave to amend.

13          b.  Plaintiff's eighth cause of action is dismissed as

14  to the City.

15          c.  Plaintiff's claim for punitive damages is

16  dismissed.

17  In all other respects, defendants' motion to dismiss is denied.

18      2.  Plaintiff is granted thirty days from the date of this

19  order in which to file and serve an amended complaint.

20      3.  Defendants shall respond to the amended complaint within

21  twenty days of service thereof.

22      IT IS SO ORDERED.

23      DATED:  November 12, 2013.

24

25

26  LAWRENCE K. KARLTON
    SENIOR JUDGE
27  UNITED STATES DISTRICT COURT

28