UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTAE HOWARD, an individual, | No.  CIV 13-1439 LKK/KJN |
| Plaintiff, | |
| v. | |
| CITY OF VALLEJO, a municipal corporation; ROBERT GREENBERG and ROBERT KERR, individually and in their official capacities as law enforcement officers for the City of Vallejo Police Department; DOES 1-50, inclusive, individually and in their capacities as law enforcement officers and/or personnel for the City of Vallejo Police Department, | |
| Defendants. | |

**STATUS (PRETRIAL SCHEDULING) CONFERENCE**

     READ  THIS  ORDER  CAREFULLY.   IT  CONTAINS  IMPORTANT  DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER

1  SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR
2  AN ORDER OF JUDGMENT.

3     Pursuant to court order, a Status (Pretrial Scheduling)
4  Conference was held in chambers on January 13, 2014.  DeWitt M.
5  Lacy appeared as counsel for plaintiff; Richard W. Osman appeared
6  as counsel for defendants.  After hearing, the court makes the
7  following findings and orders:

8     **SERVICE OF PROCESS**

9     All parties have been served and no further service is
10 permitted except with leave of court, good cause having been
11 shown.

12    **JOINDER OF PARTIES/AMENDMENTS**

13    No further joinder of parties or amendments to pleadings is
14 permitted except with leave of court, good cause having been
15 shown.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604
16 (9th Cir. 1992).

17    **JURISDICTION/VENUE**

18    Jurisdiction is predicated upon 28 U.S.C. § 1343, is
19 undisputed, and is hereby found to be proper, as is venue.

20    **MOTION HEARING SCHEDULES**

21    All law and motion except as to discovery is left open, save
22 and except that it shall be conducted so as to be completed by
23 **March 1, 2015**.  The word "completed" in this context means that
24 all law and motion matters must be **heard** by the above date.
25 Because this date is not necessarily a date previously set aside
26 for law and motion hearings, it is incumbent upon counsel to
27 contact this court's courtroom deputy, Ana Rivas at (916) 930-
28 4133, sufficiently in advance so as to ascertain the dates upon

1  which law and motion will be heard and to properly notice its
2  motion for hearing before that date.   Counsel are cautioned to
3  refer to Local Rule 230 regarding the requirements for noticing
4  such motions on the court's regularly scheduled law and motion
5  calendar.   **Opposition or statement of non-opposition to all**
6  **motions shall be filed not later than 4:30 p.m. fourteen (14)**
7  **days preceding the hearing date, or by proof of service by mail**
8  **not less than seventeen (17) days preceding the hearing date.**
9  This paragraph does not preclude motions for continuances,
10 temporary restraining orders or other emergency applications, and
11 is subject to any special scheduling set forth in the
12 "MISCELLANEOUS PROVISIONS" paragraph below.

13     At the time of filing a motion, opposition, or reply,
14 counsel are directed to email a copy in word processing format to
15 lkk-pleadings@caed.uscourts.gov.

16     The parties should keep in mind that the purpose of law and
17 motion is to narrow and refine the legal issues raised by the
18 case, and to dispose of by pretrial motion those issues that are
19 susceptible to resolution without trial.   To accomplish that
20 purpose, the parties need to identify and fully research the
21 issues presented by the case, and then examine those issues in
22 light of the evidence gleaned through discovery.   If it appears
23 to counsel after examining the legal issues and facts that an
24 issue can be resolved by pretrial motion, counsel are to file the
25 appropriate motion by the law and motion cutoff set forth supra.

26     **Unless prior permission has been granted, memoranda of law**
27 **in support of and in opposition to motions are limited to thirty**
28 **(30) pages, and reply memoranda are limited to fifteen (15)**

3

1  **pages.   The parties are also cautioned against filing multiple**
2  **briefs to circumvent this rule.**

3      Where the parties bring motions for summary judgment, the
4  court will deem facts which are apparently undisputed as
5  undisputed under Fed. R. Civ. P. 56(e), unless specifically
6  reserved and that party tenders evidence to support the
7  reservation.

8  <u>ALL</u> PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY
9  PRETRIAL MOTION AND A FAILURE TO MAKE SUCH A MOTION WILL
10 ORDINARILY BE VIEWED AS A WAIVER AT THE TIME OF PRETRIAL.
11 COUNSEL ARE CAUTIONED THAT IF ANY LEGAL ISSUE THAT SHOULD HAVE
12 BEEN TENDERED TO THE COURT BY PRETRIAL MOTION MUST BE RESOLVED BY
13 THE COURT AFTER LAW AND MOTION CUTOFF, FOR INSTANCE WHERE THE
14 ISSUE IS JURISDICTION, SUBSTANTIAL SANCTIONS WILL BE LEVIED
15 AGAINST COUNSEL WHO FAIL TO TIMELY FILE AN APPROPRIATE MOTION.

16     Counsel are further reminded that motions in limine are
17 procedural devices designed to address the admissibility of
18 evidence.  COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH
19 DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF
20 MOTIONS IN LIMINE  AT THE TIME OF TRIAL.

21     **<u>DISCOVERY</u>**

22     No modifications of the discovery requirements found in the
23 Federal Rules is ordered.

24     All discovery is left open, save and except that it shall be
25 so conducted as to be <u>completed</u> by **January 1, 2015.**  The word
26 "completed" means that all discovery shall have been conducted so
27 that all depositions have been taken and any disputes relative to
28 discovery shall have been resolved by appropriate order if

4

1   necessary and, where discovery has been ordered, the order has
2   been complied with. Motions to compel discovery must be noticed
3   on the magistrate judge's calendar in accordance with the local
4   rules of this court and so that such motions will be heard not
5   later than **December 1, 2014**. In this regard, all counsel are to
6   designate in writing and file with the court and serve upon all
7   other parties a final list of the names of all experts that they
8   propose to tender at trial not later than **thirty (30) days** before
9   the close of discovery herein established. All designated
10  experts shall submit written reports which counsel shall exchange
11  at the time of designation. The contents of the report must
12  comply with Fed. R. Civ. P. 26 (a)(2)(B). All experts so
13  designated are to be fully prepared to render an informed opinion
14  at the time of designation so that they may fully participate in
15  any deposition taken by the opposing party. Experts will not be
16  permitted to testify at the trial as to any information gathered
17  or evaluated, or opinion formed, after deposition taken
18  subsequent to designation.

19      An expert witness not appearing on said lists will not be
20  permitted to testify unless the party offering the witness
21  demonstrates: (a) that the necessity of the witness could not
22  have been reasonably anticipated at the time the lists were
23  exchanged; (b) the court and opposing counsel were promptly
24  notified upon discovery of the witness; and (c) that the witness
25  was promptly proffered for deposition.

26      **MID-LITIGATION STATEMENTS**

27      Not later than fourteen (14) days prior to the close of
28  discovery, all parties shall file with the court and serve on all

1   other parties a brief statement summarizing all law and motion

2   practice heard by the court as of the date of the filing of the

3   statement, whether the court has disposed of the motion at the

4   time the statement is filed and served, and the likelihood that

5   any further motions will be noticed prior to the close of law and

6   motion.   The filing of this statement shall not relieve the

7   parties or counsel of their obligation to timely notice all

8   appropriate motions as set forth above.

9      **FINAL PRETRIAL CONFERENCE**

10     The Final Pretrial Conference is **SET** for **June 1, 2015, at**

11  **1:30 p.m**.   Counsel are cautioned that counsel appearing for

12  Pretrial will in fact try the matter.

13     Counsel for all parties are to be fully prepared for trial

14  at the time of the Pretrial Conference, with no matters remaining

15  to be accomplished except production of witnesses for oral

16  testimony.   Counsel are referred to Local Rules 280 and 281

17  relating to the contents of and time for filing Pretrial

18  Statements.   In addition to those subjects listed in Local Rule

19  281(b), the parties are to provide the court with a plain,

20  concise statement which identifies every non-discovery motion

21  tendered to the court, and its resolution.   A FAILURE TO COMPLY

22  WITH LOCAL RULES 280 AND 281 WILL BE GROUNDS FOR SANCTIONS.

23     The parties shall file Separate Pretrial Statements, the

24  contents and timing of which are set forth in Local Rule 281,

25  except that the parties are to prepare a JOINT STATEMENT with

26  respect to the undisputed facts and disputed factual issues of

27  the case.   See Local Rule 281(b)(3), (4), and (6).   The parties

28  are reminded to include in their joint statement all disputed and

1    undisputed special factual information as required by Local Rule

2    281(b)(6).  Notwithstanding the provisions of Local Rule 281, the

3    Joint Statement of Undisputed Facts and Disputed Factual Issues

4    is to be filed with the court concurrently with the filing of

5    plaintiff's Pretrial Statement.

6        The undisputed facts and disputed factual issues are to be

7    set forth in two separate sections.  In each section, the parties

8    should identify first the general facts relevant to all causes of

9    action.  After identifying the general facts, the parties should

10   then identify those facts which are relevant to each separate

11   cause of action.  In this regard, the parties are to number each

12   individual fact or factual issue.  Where the parties are unable

13   to agree as to what factual issues are properly before the court

14   for trial, they should nevertheless list in the section on

15   "DISPUTED FACTUAL ISSUES" all issues asserted by any of the

16   parties and explain by parenthetical the controversy concerning

17   each issue.  Each individual disputed fact or factual issue shall

18   include the following introductory language:  "Whether or not . .

19   . ."  The parties should keep in mind that, in general, each fact

20   should relate or correspond to an element of the relevant cause

21   of action.  If the case is tried to a jury, the undisputed facts

22   will be read to the jury.

23       Pursuant to Local Rule 281(b)(10) and (11), the parties are

24   required to provide in their Pretrial Statements a list of

25   witnesses and exhibits that they propose to proffer at trial, no

26   matter for what purpose.  These lists shall not be contained in

27   the Pretrial Statement itself, but shall be attached as separate

28   documents to be used as addenda to the Final Pretrial Order.

1    Plaintiff's exhibits shall be listed **numerically**; defendants'
2    exhibits shall be listed **alphabetically**.   In the event that the
3    alphabet is exhausted, defendants' exhibits shall be marked "2A-
4    2Z, 3A-3Z, etc."   The Pretrial Order will contain a stringent
5    standard for the proffering of witnesses and exhibits at trial
6    not listed in the Pretrial Order.   Counsel are cautioned that the
7    standard will be strictly applied.   On the other hand, the
8    listing of exhibits or witnesses which counsel do not intend to
9    call or use will be viewed as an abuse of the court's processes.

10       Pursuant to Local Rule 281(b)(12), a party is required to
11   provide a list of all answers to interrogatories and responses to
12   requests for admission that the party expects to offer at trial.
13   This list should include only those documents or portions thereof
14   which the party expects to offer in its case-in-chief.   Unless
15   otherwise barred by a rule of evidence or order of this court,
16   the parties remain free to tender appropriate discovery documents
17   during trial for such purposes as, but not limited to,
18   impeachment or memory refreshment.

19       Pursuant to Local Rule 281(b)(8), the parties' Pretrial
20   Statements shall contain a "statement of legal theory, etc."
21   Each party shall commence this section by specifying as to each
22   claim whether federal or state law governs, and if state law, the
23   state whose law is applicable.

24       Counsel are also reminded that, pursuant to Fed. R. Civ. P.
25   16, it will be their duty at the Pretrial Conference to aid the
26   court in (a) formulation and simplification of issues and the
27   elimination of frivolous claims or defenses; (b) settling of
28   facts which should be properly admitted; and (c) the avoidance of

1   unnecessary proof and cumulative evidence.  Counsel must prepare
2   their Pretrial Statements, and participate in good faith at the
3   Pretrial Conference, with these aims in mind.  A FAILURE TO DO SO
4   MAY RESULT IN THE IMPOSITION of SANCTIONS which may include
5   monetary sanctions, orders precluding proof, eliminations of
6   claims or defenses, or such other sanctions as the court deems
7   appropriate.

8   **TRIAL SETTING**

9   Trial is **SET** for **September 1, 2015**, at 10:30 a.m.  Trial
10  will be by jury.  The parties represent in good faith that the
11  trial will take approximately seven (7) days.

12  **SETTLEMENT CONFERENCE**

13  A Settlement Conference will be set before a judge other
14  than the trial judge at the time of the Pretrial Conference.

15  Counsel are cautioned to have a principal capable of
16  disposition present at the Settlement Conference or to be fully
17  authorized to settle the matter on any terms and at the
18  Settlement Conference.

19  **MISCELLANEOUS PROVISIONS**

20  The parties are reminded that pursuant to Fed. R. Civ. P.
21  16(b), the Status (pretrial scheduling) Order **shall not be**
22  **modified except by leave of court upon a showing of good cause.**
23  Counsel are cautioned that changes to any of the scheduled dates
24  will necessarily result in changes to all other dates.  Thus,
25  even where good cause has been shown, the court will not grant a
26  request to change the discovery cutoff date without modifying the
27  pretrial and trial dates.

28  **Agreement by the parties pursuant to stipulation does not**

1   constitute good cause.   Nor does the unavailability of witnesses

2   or counsel, except in extraordinary circumstances, constitute

3   good cause.

4        The parties are reminded of their continuing obligation to

5   supplement their statements relative to the identification of

6   parent corporations and any publicly held company that owns 10%

7   or more of the party's stock within a reasonable time of any

8   change in the information.

9        The parties are admonished that they are not to cite or

10   refer to any of the quotations inscribed in the pavers on the

11   front plaza of the United States Courthouse in any written or

12   oral presentation to the court or a jury.

13       There appear to be no other matters presently pending before

14   the court that will aid the just and expeditious disposition of

15   this matter.

16       IT IS SO ORDERED.

17       DATED:   January 13, 2014.

18

19

20

21                         LAWRENCE K. KARLTON
                           SENIOR JUDGE
22                         UNITED STATES DISTRICT COURT

23

24

25

26

27

28